Case number 12-1700 Aurora Loan Services v. Joseph Meissel  I think you've hit the issues. We feel that Mr. Kamisic did participate in the case. The two orders you're referring to, one of them is... Were you present at the underlying proceedings? I was not. That was a different law firm. The first order you're referring to was... What is your understanding of how this answer was filed and this default was entered on the same day? That's unusual. It is very unusual. We've got a situation here. Throughout this case, there's an incomplete record, which falls on the burden of the appellant. It makes it difficult to state with certainty what occurred. It makes it difficult to, with certainty, decide to determine what the court's findings were. But I think in answer to, I believe it was Your Honor's question, if you look at the file stamp, I will tell you that my opinion is that it was stamped by the clerk and not in the judge's courtroom. It doesn't have the judge's name on the bottom. It has it up in the top right. But the bottom line is, and we talked about the Verdun case in our brief, this was not the final order. So he did participate. He showed up on August 19, 2010, which is the order that you refer to at C-95 in the record. He showed up and said he needed more time to possibly modify the loan. They give him 28 days, which is standard. That gives him to September 16. He then comes back a week later on September 22, which is common. You give him 28 days, you come back a week later. And then he comes back. At that time, there's an order on September 22, 2010, which is found at C-101 of the record, that gives him yet another 14 days. At that time, there's a box check that says that he can have some housing counseling. And if you add 14 days to that date, that puts you to October 6, 2010. Again, it's typical. The courts will give you time, and then you'll come back shortly thereafter. They come back a week after the October 6 deadline, which is October 13. And that is when he is defaulted because he has not filed anything. He's not had two shots at it. He's been participating. And then, strangely, he files an appearance. And notably, on his appearance, he puts the same address where the property is located, where we believe he was served properly back in January of 2010. Same address in Burbank, Illinois. So it's a pro se litigant, and he's a week late, right? He's a pro se litigant. I'll agree with that. Based on the extensions that he was given, he comes in improperly because you can't file an answer after a due date without leave, right? So he files it without leave after the due date, but it's only a week late. Wouldn't we review that under an abuse of discretion standard, whether he should have been defaulted on that day or whether that answer should have been allowed to stand once it was brought to the court's attention by counsel's motion to vacate? He's a week late. It's a pro se litigant. And isn't there a general rule of law that runs through all of our civil case law that says that there's a preference that cases be decided on the merits and not decided by way of procedural defaults? What's happening here is he is participating in the proceedings. He is ‑‑ Let's not confuse. I'm not talking about jurisdiction. I know that that's what everybody wants to talk about, but I want to talk about something else. I want to talk about the reason why when he came in with an answer on the same day that he was defaulted that the default wasn't vacated, and this case wasn't allowed to proceed on the merits. And I don't understand why we shouldn't just send a case back since he filed an answer on the same day as the default was entered and then later, albeit improperly, but later asked that the default be vacated. Why we shouldn't just say, you know what? We want to decide this case on the merits, vacate the default, and have at it. He was given many opportunities to have this case decided on the merits. In addition to filing his answer, and pro se plaintiffs, they can waive under 2301 just like everybody else, or pro se parties, I should say. They don't always have to have attorneys. So 2301 isn't specific. If you file an answer, it doesn't say if you're pro se, it doesn't count. It still counts. After that, he then gets the notice of sale, two notices of sale, which are mailed to him. He gets the notices of sale. He still doesn't object to anything. He then knows the sale is occurring. Then the final order is entered in July of 2010. And then on the 30th day, then they come in and argue. My point is he was participating. He knew what he was doing. Could he have gotten a lawyer? Should he have gotten a lawyer? Yeah, he probably should have. But in the court's defense, it was never raised. It was never raised. It was never put to the court's attention about the answer. Is there an issue raised on appeal that the court should have vacated the default? Was that the argument? No. Your Honor asked about that. The only notice of appeal on August 16th was of January 18th, 2012. It's the failure to wash the summons and requesting that the court vacate the order is void because Aurora is a collection agency. There's no question raised on appeal regarding whether the order is void. I don't know about that. I don't know about that. Doesn't the notice of appeal say that he's appealing the order denying his motion to vacate? Based on? And he says that he raised in his motion to vacate the fact that he was defaulted on the day he filed an answer. His notice of appeal says the undersigned hereby appeals from the order, singular, entered on January 18th, 2012, denying the defendant's motion to quash service and vacate all orders and the order, singular, of March 22, 2012, denying the motion to clarify. What he did argue was that because he was defaulted, he wasn't submitting to the jurisdiction of the court. The argument on appeal, one of them is, is that he didn't get any benefit from the fact that he walked into court, filed an answer, and he was defaulted the same day, and so he doesn't get to question the jurisdiction of the court because the default order was entered against him. But he didn't question the jurisdiction when he showed up in August. He didn't question it in September. I understand, but I'm not aware of any briefing, of any issue, that the court abused its discretion because the default order was entered the same day or the day that he walked in and filed his answer. I've never seen that in the briefs. And we don't have a record on it. I don't see it as an argument anywhere in any of the briefs. In other words, he never said, vacate the default because I was only a week late. Three weeks, it was 21 days. Correct. And that's where I was going with your Honor's question, which is he never raised it to anyone's attention. Well, that's what I asked him about the notice of appeal. Is it included in your notice of appeal? He contested it. As I read it, I think they're appealing from the denial of their motion to vacate, which includes the answer issue, of course. But in no way, I don't read that as appealing the October 13, 2010, default interim judgment. In other words, the court was not asked to exercise its discretion on that default. Correct. That's the way I read it. And on the debt collection issue, I don't believe they've raised it. The only issue that really was litigated at the trial court level was whether we were a subsidiary of Aurora Bank. And I looked back as we were talking here, and I looked at their reply brief, which is the first time that they responded to our statement that we are exempt because we are a subsidiary. And the only thing it says is, and this is on page C-182 of the record, it says, plaintiff states Aurora Loan Services is exempt from the requirements of the Collection Agency Act as plaintiff is a subsidiary of a bank. Two, plaintiff offers no proof which would show they are a subsidiary of a bank. Furthermore, does not define what a subsidiary is, so it's unclear how plaintiff defines itself as one. The burden of proof is clearly on plaintiff and not on defendant. The reason I read it that is because there was never an issue of are we a debt collector or not. The only question was are we a subsidiary which exempts us from the Collection Act requirements. And we argued and we presented to the court that we were a subsidiary. We've obviously supplemented that here with some judicial, what we think are judicial matters that can be judicially noticed. But the plain fact is, again, we get back to absence of a record. We don't have a hearing transcript. We don't have a bystander's report. We don't have any evidence, if you will, or record of what was actually put in front of the judge. I wasn't counsel at the time, but I can tell you that the orders do have magic language in them, such as oral argument was presented on dates, the January 18th date, counsel was present. The court was, quote, fully advised. Again, on the March 22nd order, counsel was present and the court was duly advised. And again, we go back to the Fouch case and its progeny that we've cited in our briefs. It's on, the burden is on the appellant. They need to give a complete record. And this court cannot presume things based on what they think might have happened. They need a complete record. And without that record, the doubts go against the appellant. And we believe that sufficient evidence was presented, but the bottom line is, without the specific record, you cannot reverse that finding. So, in essence, our case is fairly simple. I mean, I could digress and tell you that I think he was properly served and that there's notes in there and the 50 was really a 30 and the 30 was really a 50 in the notes and it somehow got typoed. But the bottom line is, with respect to the service issue, he did participate. He voluntarily attended court hearings. He voluntarily filed an answer in appearance. He submitted himself to jurisdiction of the court. And eight months later, a final order is entered. And at no time after he gets the judicial sale notices, two of them, and he knows this is all going on, at no time does he ever object to jurisdiction, not once. And it's not the court, it's not trial court's burden to look out for pro se plaintiffs. They can't give legal advice. And, unfortunately for Mr. Kamicek, that's what the law states. Under 2-301, he waived any objection at that point in time. Then when the final order is entered, it's too late for his new counsel to come in and make that argument. And, again, on the Collection Agency Act issue, we're exempt because we're a subsidiary. We think it's clear. Well, the answer didn't deny he was in default, wasn't it? I don't have sufficient information to know whether I was behind in my payments. Was it something like that? He went through some of the paragraphs and admitted basically the nature of the mortgage, the date, the amount, and all those kinds of things. And then the ones that specifically said, I think he stopped making payments in September 2009. And to our knowledge, he's still living there. We're going on four years. And, you know, taxes, insurance, what have you. But in his answer, he stated he was without knowledge as to those specifics. Yes, whether he hadn't been making his payments for four years. As a matter of fact, the only affirmative defense he raised was with regard to ‑‑ I wrote that down somewhere. It was not a jurisdiction issue. No, I don't have it right in front of me. But he did raise one affirmative defense, which we then responded to and replied denied in November. So, again, opportunity was there for him to object if he wanted to before that time. He could have gotten a lawyer then, quite frankly. My guess is, and, again, it's not in the record because we don't have a complete record, but I also know in these courtrooms, judges will typically tell pro se plaintiffs or pro se parties, you might want to get a lawyer. And he would have certainly been advised that, under my experience, when he appeared in court. He did not do so. He filed his appearance. He filed his answer. He waived personal jurisdiction at that time. Anything further? What do you think would have happened if, instead of filing that answer in the clerk's office, he would have handed it to the judge on the day of the default? Hard to say. But knowing how those courtrooms operate, the situation probably would have been different. There would have been a summary judgment motion filed subsequent. That's really what happens. There would have been. Actually, I don't know if Your Honor recalls this, but from the record, they actually did file a summary judgment and then withdrew it. Yes. But that's what would have happened. That's the normal course of things. Should we allow this to be turned on whether he came upstairs or went downstairs? I mean, really? Because if it's likely that if a pro se litigant went upstairs and handed it to the judge, the case would have gone to the merits. But since he went downstairs, it didn't go to the merits? Well, it goes deeper than that. If we look at everything that's going on here, he's appeared at prior court appearances, asked for continuances. He knows the date. This is October 6, 2010, when he's supposed to respond. He knows the next court hearing is October 13, 2010. Maybe he was hiding in the back of the courtroom. I have no idea. But the bottom line is we have to look at the totality of it all. He did file those things. And I don't look at it simply as did he file it upstairs or downstairs. The question is did he, under the rule, which was amended, you know, the special limited appearance thing is gone. We could go through that, which I know Your Honors are familiar with. But A-5, which Your Honor quoted earlier, clearly states, you know, we don't have the prior to final judgment in there anymore. It announces all objections. The bottom line is I think the totality of circumstances, primarily his answer to the question of appearance, he did file it. And under the law, he voluntarily subjected himself to the jurisdiction of the court. He participated in the case. His failure to show up at the notices of sale or respond to anything else in the future, that's, unfortunately, his obligation. And his failure to act has cost him here. And we would argue that the record is clear that this should be affirmed and that, you know, four years is enough. And remanding for another opportunity doesn't make any sense. But thank you, Your Honor. All right. Anything in rebuttal? Briefly. Your Honor, I have a comment on this issue of the subsidiary. It's not a blanket exemption. I mean, the statute says, and I'll quote, banks, including trust departments, affiliates, and subsidiary in their own, by due shares in financing and lending institutions, except those who own or operate collection agencies. It is not a blanket exemption under that statute. Apparently, if you own or operate a collection agency, you're not exempt. And if you're operating one, you're not exempt. Thank you. Mr. Rychek, I'm looking at your brief. And on page 90 of your brief, it says, either way the defendant would obtain a vacation of the judgment of foreclosure as it should not have been entered as a default. Okay? So that's in your brief. Could have been more artfully stated clearly. But you say that in your brief. But then in the appellee's brief, they discuss your motion to cross service and motion to vacate all orders. And the way they characterize your motion, they say, on August 12, 2011, motions filed, and the defendant made two arguments in the motion to cross. One, the defendant was not properly served. And two, the default was void because of the debt collector issue. My question to you very simply is, did you allege in the trial court in your motion to cross service and motion to vacate all orders, that the default should be vacated because an answer was filed on the same day? I don't believe I alleged that in that motion until such time as they said we had waived it. In other words, I'm not sure that I even knew an answer had been filed. I'm not saying I shouldn't have, but I'm not sure I knew. But they raised the issue, and then I said, well, if they didn't waive it, how can it be waived if they entered a default on the same day? So I think it was raised in that time. On that day, in that hearing, you said that? No, no, not on the first. Whatever my motion said, my motion said. But when they came back and said, wait, you can't raise a jurisdictional issue because you waived it, then when I looked at what they said and saw that the answer and the default were entered on the same day, that's when I raised it. Did you raise it in your, what, in a reply pleading? Yeah, because they didn't raise their issue until the response. All right, I'll have to take a look at it. Well, what did you raise here? That's really what we're bound by. We don't get to look at everything that you may have said in the trial court. The only issues we consider are those that are before the court properly because you raised them, you briefed them, and you complied with Supreme Court Rule 341. That's what we look at, not something that you may have argued in passing in the trial court. You want me to answer? So did you raise this issue? Yes. The first issue is 1, motion to quash. Second issue, 2, collection agency. Yes. Motion to quash. What does that have to do with the default? Well, I say that the answer be treated as a nullity and be considered not to have been filed altogether. That's one argument. And then the motion to quash if you served a 61-year-old saying he was 29 or whatever. Then my number 3 was vacate judgment due to filed answers. That's number 3 in the argument. Thank you. All right. Case will be taken under advice.